## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BODY BY COOK, INC., ET AL.,**          **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**          **NO.  15-2177**

**STATE FARM MUTUAL AUTOMOBILE**      **SECTION: "E" (5)**
**INSURANCE, ET AL.,**
    **Defendants**

## ORDER AND REASONS

This matter is before the Court on the motions to dismiss filed by the Defendants, Allstate Insurance Co.; Liberty Mutual Insurance Co.; Progressive Security Insurance Co.; Travelers Casualty and Surety Co.; GEICO General Insurance Co.; State Farm Mutual Automobile Insurance Co.; and Ramona Latiolais.[1] Plaintiffs, Body by Cook, Inc., and Robert Cook, oppose the motions.[2] For the reasons that follow, the motions to dismiss are **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

This civil action involves race discrimination and retaliation claims under Section 1981, conspiracy claims under Section 1985(3), Title VII discrimination and retaliation claims, and negligent hiring and supervision claims under Louisiana state law.[3] Plaintiff, Body by Cook, Inc., is an automotive repair shop located in Slidell, Louisiana, which is owned and operated by Plaintiff, Robert Cook (collectively, "Plaintiffs"). Plaintiffs allege that, on numerous occasions, Robert Cook attempted to register Body by Cook as a "Direct

---

[1] Three motions to dismiss are before the Court. The first motion to dismiss, Record Document 112, was filed by Allstate Insurance Co., Liberty Mutual Insurance Co., Progressive Insurance Co., and Travelers Casualty and Surety Co. The second motion to dismiss, Record Document 113, was filed by GEICO General Insurance Co. The third and final motion to dismiss, Record Document 114, was filed by State Farm Mutual Automobile Insurance Co. and Ramona Latiolais. The Court considers each of these motions herein.

[2] R. Doc. 115. Plaintiffs, Body by Cook, Inc., and Robert Cook filed an *in globo* opposition to the motions to dismiss. *See id.*

[3] *See, e.g.,* R. Doc. 109 (Second Amended Complaint).

Repair Shop" through the Defendants' "Direct Repair Programs."[4] According to Plaintiffs, however, despite their qualifications, Body by Cook and Robert Cook have "been refused entry into the [Direct Repair Programs], and lesser qualified or similarly situated, non-minority owned body shops have been granted access."[5] Plaintiffs allege, as a result, that the Defendants discriminated against Body by Cook because Robert Cook, its sole owner, is an African-American male. Plaintiffs further allege that the Defendants, due to Robert Cook's minority status, conspired with one another to refuse Body by Cook access to their Direct Repair Programs. In addition, Plaintiffs allege that, since the filing of this lawsuit, they have been retaliated against by Defendants, who "virtually shut[] Plaintiffs out from any customer business of Defendants' insureds."[6]

Plaintiffs filed this action on June 16, 2015. Plaintiffs have since been granted leave of court to amend their complaint on two occasions.[7] In the most-recent complaint, the Second-Amended Complaint, the Plaintiffs advance seven causes of action: (1) Section 1981 discrimination (against all Defendants); (2) Section 1985(3) conspiracy (against all Defendants); (3) Section 1981 retaliation (against all Defendants); (4) Section 1981 retaliation (against the State Farm Defendants only); (5) Title VII discrimination (against State Farm only); (6) Title VII retaliation (against State Farm only); and (7) Louisiana state law claims for negligent hiring and negligent supervision (against all Defendants).[8] The Defendants filed motions to dismiss in response to each complaint, with the Second-Amended Complaint being no exception. The Defendants' motions to dismiss the Plaintiffs' Second-Amended Complaint are now before the Court.

---

[4] R. Doc. 109 at 1.
[5] R. Doc. 109 at 1.
[6] R. Doc. 109 at 16.
[7] R. Docs. 14, 109.
[8] R. Doc. 109 at 13–22.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] However, the court does not accept as true legal conclusions or mere conclusory statements,[12] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[14]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[15] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[16] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[17]

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[11] *Id.*

[12] *Id.*

[13] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[14] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[15] *Twombly*, 550 U.S. at 555.

[16] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

[17] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

The Defendants' motions to dismiss are similar. Each of the Defendants seeks the dismissal of Plaintiffs' claims with prejudice, arguing *inter alia* that Plaintiffs have failed to state claims for relief that are plausible on their face. The Defendants also contend the Second-Amended Complaint is deficient because it consists of generalized, conclusory allegations that improperly lump all of the Defendants together.[18]

As stated above, the Second-Amended Compliant consists of seven (7) causes of action, many of which are asserted against all of the Defendants. The Court considers the Defendants' motions to dismiss by analyzing them in the context of each cause of action. Initially, however, the Court addresses the Defendants' argument that Plaintiffs' Second-Amended Complaint is deficient because it "lumps" Defendants and, for that reason, violates Rule 8's pleading standards.

I.   PRELIMINARY CONSIDERATION – RULE 8'S PLEADING STANDARDS

The Defendants contend Plaintiffs' Second-Amended Complaint violates Federal Rule of Civil Procedure 8 and should be dismissed, as the Second-Amended Complaint consists largely of generalized, group allegations against the Defendants, collectively.[19] Defendants argue the "group pleading" tactics employed by the Plaintiffs in the Second-Amended Complaint fail to provide the Defendants fair notice of the specific claims and allegations levied against each Defendant.[20] According to the Defendants, the Second-

---

[18] The Defendants also move to dismiss the claims asserted by Plaintiff, Robert Cook, on the basis that he lacks standing to bring them. The Defendants argue, because the Second-Amended Complaint alleges Body by Cook would be the proper party to any contract with the defendant insurance companies, Robert Cook, individually, lacks standing to bring the claims asserted in the Second-Amended Complaint, as those claims must be maintained by Body by Cook. Defendants likely are correct in their argument that Robert Cook lacks standing, but the Court need not decide this issue as the motions to dismiss are meritorious on other grounds.

[19] R. Doc. 112-1 at 4–6; R. Doc. 113-1 at 4–6; R. Doc. 114-1 at 18–21.

[20] R. Doc. 112-1 at 4–6; R. Doc. 113-1 at 4–6; R. Doc. 114-1 at 18–21.

Amended Complaint does not identify the factual basis specific to each Defendant upon which the Plaintiffs' causes of action are based.[21] Instead, Defendants argue the Second-Amended Complaint merely "lumps together" the Defendants and the allegations made against them, which violates Rule 8.[22]

Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 is to give the opposing party notice of what the claim is and the grounds upon which the claim rests.[23] This "notice requirement" especially holds true in cases involving multiple claims and multiple defendants. Courts have recognized, for example, that under Rule 8, "when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant."[24] A complaint that contains "group allegations" and "lumps together" defendants is not *ipso facto* in violation of Rule 8.[25] Instead, it must be determined whether the complaint, with its "group allegations," gives each defendant adequate notice.

Although the Second-Amended Complaint is not a model in clarity, the Court finds it gives the Defendants adequate notice of the claims asserted against them and the bases

---

[21] R. Doc. 112-1 at 4–6; R. Doc. 113-1 at 4–6; R. Doc. 114-1 at 18–21.

[22] R. Doc. 112-1 at 4–6; R. Doc. 113-1 at 4–6; R. Doc. 114-1 at 18–21.

[23] *See, e.g.*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citations omitted); *see also Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 WL 704138, at *3 (E.D. Tex. Mar. 16, 2009).

[24] *Pro Image Installers, Inc. v. Dillon*, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). *See also Fifth Third Bank v. Barkauskas*, No. 2:12-cv-577-FtM-SPC, 2012 WL 5507831, at *1 (M.D. Fla. Nov. 14, 2012); *Del Castillo v. PMI Holdings N.A., Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *17 (S.D. Tex. July 13, 2016) (applying Rule 8's notice requirement to case involving multiple claims and multiple defendants).

[25] *See, e.g.*, *1-800-411-I.P. Holdings, LLC v. Georgia Injury Ctrs. LLC*, 71 F. Supp. 3d 1325, 1330 (S.D. Fla. 2014) ("A plaintiff may plead claims against multiple defendants by referring to them collectively . . . . The practice only runs afoul of the applicable pleading standard where it denies a defendant notice of the specific claims against it."); *Schuchart & Assocs., Prof'l Eng'rs, Inc. v. Solo Serve Corp.*, 540 F. Supp. 928, 937–38 (W.D. Tex. 1982) ("Plaintiffs have carefully separated their different causes of action against *multiple defendants* in this case into separate counts, putting Defendants on notice . . . .") (emphasis added).

therefor, thus satisfying the requirements of Rule 8. The Second-Amended Complaint is 23 pages in length and consists of several subsections, including a "Statement of Facts" subsection and a subsection specific to each of the seven causes of action the Plaintiffs are pursuing in this case. With respect to the "cause-of-action subsections," each of those subsections identifies clearly the Defendant, or Defendants, against whom the particular cause of action is asserted, as well as the underlying basis for the cause of action.[26] That is, each subsection includes information and factual allegations supporting that particular cause of action and the Plaintiffs' theory of recovery thereunder.

The "Statement of Facts" subsection in Plaintiffs' Second-Amended Complaint also includes information specific to each Defendant.[27] This subsection, although it includes some generalized "group allegations," goes on to describe the (allegedly) wrongful, discriminatory conduct in which the Plaintiffs contend each Defendant engaged. This "Statement of Facts" subsection, when considered alongside the subsections specific to each of the Plaintiffs' seven causes of action, at the very least provides the Defendants minimally adequate notice of Plaintiffs' claims in this matter and the bases therefor. The minimum pleading requirements of Rule 8 have been satisfied in this case.

II.   SECTION 1981 – DISCRIMINATION (All Defendants)

Plaintiffs' first cause of action is for race discrimination under Section 1981. This cause of action is asserted against all of the Defendants.[28] Plaintiffs allege, generally, that the Defendants, a number of insurance companies and the employee of one, have discriminated against them on the basis of their race. Plaintiffs allege that, because Robert Cook is an African-American and Body by Cook is, thus, a minority-owned business, the

---

[26] R. Doc. 109 at 13–22.
[27] R. Doc. 109 at 5–12.
[28] R. Doc. 109 at 13–14.

Defendants have repeatedly refused to accept Body by Cook as a "Direct Repair Shop" under their "Direct Repair Programs."[29] More specifically, Plaintiffs allege they have been deprived of their "right to contract" with the defendant-insurance companies, while non-minority body shops have applied and been accepted, or offered contracts, as Direct Repair Shops with the Defendants.[30] Plaintiffs maintain the foregoing actions of the Defendants amount to violations of Section 1981.[31]

Title 42, United States Code, Section 1981, prescribes an independent cause of action against private, non-governmental actors for discrimination on the basis of race.[32] Section 1981(a) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981(b), in turn, defines the phrase "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." To state a claim under Section 1981, a plaintiff must allege: (1) that he or she is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute.[33]

---

[29] R. Doc. 109 at 13–14.

[30] R. Doc. 109 at 13–14.

[31] R. Doc. 109 at 13–14.

[32] *See, e.g., Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001); *see also Patterson v. McLean Credit Union*, 485 U.S. 617, 620 (1988); *Gallentine v. Housing Auth. of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 807–08 (E.D. Tex. 2013); *Charles v. Galliano*, No. 10-811, 2010 WL 3430519, at *4 (E.D. La. Aug. 26, 2010); *Williams-Boldware v. Denton Cnty.*, No. 4:09-cv-591, 2010 WL 2991164, at *5 (E.D. Tex. June 15, 2010).

[33] *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994); *Able Sec. and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 632 (E.D. La. 2008).

In this case, Plaintiffs allege that Robert Cook is an African American and that Body by Cook is a minority-owned business, which satisfies the first factor of the Section 1981 analysis.

The Court will now turn to the second and third factors. With respect to the second factor, the "intent factor," the plaintiff must plead facts which, if accepted as true, show that, at the hands of the defendant(s), he or she was purposefully treated differently from similarly situated individuals who were not members of the protected class.[34] Courts have also construed the third factor, which requires a plaintiff to allege facts showing that the discrimination concerned one or more of the activities enumerated in Section 1981, as including an element of intent. The enumerated activity at issue in this case is the right to "make and enforce contracts."[35] Conclusory allegations that the right to "make and enforce contracts" has been violated are insufficient. Instead, a plaintiff must (1) "identify the content of the contract at issue," (2) identify "the particular contractual rights" that were allegedly modified by the defendant's actions, and (3) plead facts showing that the defendant's actions were motivated by discriminatory intent.[36]

In this case, Plaintiffs' allegations in the Second-Amended Complaint fall short of showing that, if accepted as true, Defendants' actions were motivated by discriminatory intent. Plaintiffs allege they have "attempted many times over many years to contract with

---

[34] *See, e.g., Hall v. Continental Airlines, Inc.*, 252 F. App'x 650, 653–54 (5th Cir. 2007); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Taiyeb v. Farmer Ins. Grp.*, No. 4:01-CV-0103-E, 2001 WL 1478798, at *2 (N.D. Tex. Nov. 19, 2001) (citing *Riley v. ITT Fed. Servs. Corp.*, No. Civ.A. 3:99CV02362AWT, 2001 WL 194067, at *2 (D. Conn. Feb. 22, 2001) ("The intent element of a § 1981 claim may be satisfied by an allegation that similarly situated employees who are not members of the protected class were treated differently.")).

[35] *See* R. Doc. 109 at 13–14.

[36] *Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.*, 286 F. App'x 864, 870 (5th Cir. 2008) (per curiam). *See also Landor v. Soc'y of the Roman Catholic Church of the Diocese of Lafayette*, No. 13-2759, 2014 WL 4639519, at *3 (W.D. La. Sept. 15, 2014); *Vouchides v. Houston Cmty. College Sys.*, No. H-10-2559, 2011 WL 4592057, at *8 (S.D. Tex. Sept. 30, 2011); *see generally Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995).

Defendants to become one of its providers in the DRP [Direct Repair Program], but Defendants have refused to contract with Plaintiffs but have continued to contract with— and make itself available to contract with—similarly situated or lesser qualified white-owned or non-minority owned body shops."[37] Plaintiffs also allege they "have been deprived of the right to contract with Defendants by repeatedly being denied access to the DRP while white-owned businesses have been afforded the right to contract with Defendants through the DRP."[38] Elsewhere in the Second-Amended Complaint, the Plaintiffs allege that, despite Robert Cook's and Body by Cook's qualifications, Body by Cook "has been refused entry into any DRP operated by any of the named corporate Defendants."[39] Plaintiffs also allege that, "[a]t various times[,] one or more of the Defendants have stated that their DRP is not accepting additional shops into their roster; however, Plaintiffs have learned that non-minority body shops have been admitted into the DRP of one or more of the named corporate Defendants."[40]

Even considering the Second-Amended Complaint in the light most favorable to the Plaintiffs and construing all reasonable inferences in Plaintiffs' favor, the Court finds the Plaintiffs have not pleaded facts showing the Defendants, either collectively or individually, acted with discriminatory intent or were motivated by a discriminatory animus.[41] Although Plaintiffs allege the Defendants, as a group, discriminated against

---

[37] R. Doc. 109 at 13.
[38] R. Doc. 109 at 13.
[39] R. Doc. 109 at 5.
[40] R. Doc. 109 at 5.
[41] In their opposition to the Defendants' motions to dismiss, Plaintiffs cite the Second Circuit's decision in *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015), for the proposition that a lesser pleading standard than the *Twombly/Iqbal* standard applies to their Section 1981 claims. *See* R. Doc. 115 at 9–11. According to Plaintiffs, pursuant to *Littlejohn* they need only make a "minimal showing" to sustain their Section 1981 discrimination claims. The Court notes, however, that *Littlejohn* has not been followed by the Fifth Circuit, nor has it been relied on by any district courts within the Fifth Circuit. Moreover, since *Littlejohn* was decided on August 3, 2015, the Fifth Circuit and district courts therein have applied the well-accepted *Twombly/Iqbal* pleading standard to Section 1981 discrimination claims. *See, e.g., Rogers v.*

them on the basis of race, Plaintiffs' allegations are wholly conclusory and "do not permit the court to infer more than the mere possibility of misconduct."[42] None of the factual allegations in the Second-Amended Complaint, when accepted as true, suggest a racially discriminatory motive behind the Defendants' actions.[43]

The allegations in the Second-Amended Complaint that are defendant-specific also fail to pass muster. For example, Plaintiffs allege they sent letters, some certified, to Liberty Mutual Insurance Co. for a number of years requesting to be certified as a Direct Repair Shop.[44] Plaintiffs allege none of the letters was ever answered and emails to a Liberty Mutual representative also went unanswered. Plaintiffs also allege they "believe" they were "shut out" from Liberty Mutual's program due to Robert Cook's race, noting that Body by Cook is more qualified than other repair shops which were certified by Liberty Mutual as a Direct Repair Shop.[45] Plaintiffs make similar allegations against Travelers Casualty and Surety Co.;[46] Progressive Security Insurance Co.;[47] Allstate Insurance Co.;[48] and GEICO General Insurance Co.[49] The allegations in the Second-Amended Complaint against State Farm and Ramona Latiolais are more detailed,[50] but suffer from the same deficiencies. Missing from Plaintiffs' allegations are any facts that, if accepted as true, would suggest that a defendant-insurance company acted intentionally

---

*Raycom Media, Inc.*, 628 F. App'x 324 (5th Cir. 2016); *Obondi v. UT Sw. Med. Ctr.*, No. 3:15-CV-2022-B, 2016 WL 795966, at *2–3 (N.D. Tex. Feb. 29, 2016).

[42] *See Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)(2)); *Iqbal*, 556 U.S. at 679.

[43] *See, e.g., Alexander v. Wash. Gas & Light Co.*, 481 F. Supp. 2d 16, 30 (D.D.C. 2006) (dismissing § 1981 claim where plaintiff "has not pled any facts or made suggestion of racially discriminatory motive on the part of [d]efendants").

[44] R. Doc. 109 at 8.

[45] R. Doc. 109 at 8.

[46] R. Doc. 109 at 9.

[47] R. Doc. 109 at 9–10.

[48] R. Doc. 109 at 10.

[49] R. Doc. 109 at 10–11.

[50] R. Doc. 109 at 11–12.

or purposefully to discriminate against the Plaintiffs on the basis of race. That such allegations are missing from the Second-Amended Complaint is fatal to Plaintiffs' Section 1981 discrimination claims.[51] These claims must be dismissed.

### III.   SECTION 1985(3) – CONSPIRACY (All Defendants)

Plaintiffs advance Section 1985(3) conspiracy claims against all of the Defendants. The Plaintiffs allege the Defendants "acted as coconspirators and intentionally agreed and conspired with another body shop, Pike, to squeeze Plaintiffs out."[52] Further, the Plaintiffs allege the "Defendants have agreed with each other to discriminate on the basis of race against 100% African American-owned body shops in connection with contracting, in violation of . . . 42 U.S.C. § 1985(3), resulting in an unfair lack of representation by African American-owned body shops in [Direct Repair Programs]."[53]

"Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws."[54] To state a claim for relief under Section 1985(3), a plaintiff must

---

[51] *See, e.g., James v. Parish*, 421 F. App'x 469, 470 (5th Cir. 2011) (per curiam) (dismissing § 1981 claim where plaintiff did not allege any facts that would indicate the defendant took the challenged action because of plaintiff's race); *Johnson v. Bryant*, No. 5:15-cv-64(DCB)(MTP), 2016 WL 1060325, at *8 (S.D. Miss. Mar. 15, 2016) (dismissing § 1981 claim because plaintiff had not alleged facts showing that the defendants acted with the intent to discriminate); *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *5 (N.D. Tex. June 21, 2011) ("It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. Alleged facts must also be sufficient to at least create an inference that the plaintiff was discriminated against because of a protected characteristic. . . . Without sufficient factual allegations that the complained of actions were taken because of her race, Plaintiff has failed to state a claim of racial discrimination under . . . Section 1981."); *Southern v. Ethridge*, No. 3:10CV115TSL-FKB, 2010 WL 3937880, at *2 (S.D. Miss. Sept. 30, 2010) (dismissing § 1981 claim for failure to allege facts suggesting an intent to discriminate on the basis of race); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 88 (D.D.C. 2010) (finding plaintiff failed to state plausible Section 1981 claim where "[t]he only suggestion that plaintiff's race or color played any role in her interaction with [defendants] are plaintiff's conclusory statements that she was 'terminated . . . based on her race' and 'color'"); *cf. Mack v. Envtl. Restoration, LLC*, No. 07-1268, 2007 WL 3071593, at *3 (E.D. La. Oct. 19, 2007) (finding allegations sufficient where plaintiff gave "specific facts demonstrating racial animus").

[52] R. Doc. 109 at 15. Plaintiffs identify "Pike" in the Second-Amended Complaint as a body shop with which the Defendants conspired to force Body by Cook out of business. *Id.* This allegation, however, is not supported by any facts. Plaintiffs mention "Pike" once in their Second-Amended Complaint and have done nothing to detail Pike's involvement in conspiring with the Defendants to discriminate against Plaintiffs.

[53] R. Doc. 109 at 15.

[54] *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 978 (5th Cir. 1986) (citation omitted).

allege (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States.[55] In addition, the conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[56] In summary, to state a claim for relief under Section 1985(3), the plaintiff must allege sufficient facts showing that the defendants conspired to discriminate against the plaintiff on the basis of his or her race.[57]

Inherent in a Section 1985(3) conspiracy is an agreement, or an understanding, between the co-conspirators.[58] Otherwise there is no conspiracy. In this case, Plaintiffs allege the Defendants conspired with one another, acted together, and agreed to discriminate against the Plaintiffs on the basis of race.[59] The basis for Plaintiffs' Section 1985(3) conspiracy claims is the allegation that, "[s]ince filing this lawsuit, Plaintiffs have had significantly less work from customers who are also insureds of the Defendants. That, along with the fact that the Defendants' Motions are obviously the same work product with the same legal arguments and cases, leads Plaintiffs to believe that the Defendants

---

[55] *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994). *See also United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971).

[56] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (internal quotations omitted) (quoting *Griffin v. Breckenridge*, 403 U.S. 825, 833 (1983)). *See also David v. Signal Intern., LLC*, No. 08-1220, 2012 WL 10759668, at *36 (E.D. La. Jan. 4, 2012).

[57] *See, e.g., Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002).

[58] *See, e.g., JeanLouis v. Vidalia*, No. 08-CV-0956, 2009 WL 331373, at *2 (W.D. La. Jan. 14, 2009) ("The essence of a conspiracy is an understanding or agreement between the conspirators."); *Mitchell v. United Parcel Serv.*, 21 F. Supp. 2d 627, 630 (S.D. Miss. 1998) (citing *Johnson v. Danos & Curole Marine Contractors, Inc.*, Civ.A. No. 91-4370, 1993 WL 292993, at *3 (E.D. La. July 27, 1993) ("In order to establish a conspiracy under section 1985(3), Plaintiff must prove that the co-conspirators agreed, either expressly or tacitly, to commit acts which will deprive the plaintiff of equal protection of the law.")).

[59] R. Doc. 109 at 12, 15–16.

have conspired and continue to conspire against Plaintiffs."[60] This is the extent of the factual allegations supporting Plaintiffs' Section 1985(3) conspiracy claims. Even accepting these allegations as true, the Plaintiffs have not stated plausible Section 1985(3) conspiracy claims. Plaintiffs' allegations are conclusory and are unsupported by any facts which, if accepted as true, would show that the Defendants actually agreed and conspired with one another to discriminate against the Plaintiffs. "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes, such as § 1985, must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made."[61] Because Plaintiffs' Second-Amended Complaint lacks factual allegations supporting their conspiracy claims against the Defendants, Plaintiffs have failed to state plausible Section 1985(3) conspiracy claims. These claims must be dismissed.

IV.   <u>SECTION 1981 – RETALIATION (All Defendants)</u>

Plaintiffs assert Section 1981 retaliation claims against all of the Defendants. The Plaintiffs allege that, because they filed this lawsuit, Defendants are "retaliating against Plaintiffs by virtually shutting Plaintiffs out from any customer business of Defendants' insureds."[62] The Plaintiffs also allege they "believe the Defendants are trying to put Plaintiffs out of business (retaliating) as a result of complaining about not being allowed to become a DRS in their DRP."[63]

---

[60] R. Doc. 109 at 12.
[61] *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). *See also JeanLouis*, 2009 WL 331373, at *2.
[62] R. Doc. 109 at 16.
[63] R. Doc. 109 at 16.

This is not an employment case.[64] "[N]on-employment retaliation claims under §

1981 are exceedingly rare."[65] Still, courts recognize the analysis of retaliation claims under

Section 1981, to the extent such claims are cognizable, is similar to the analysis of

retaliation claims under Title VII.[66] To state a plausible claim for relief for retaliation

under Section 1981, the plaintiffs must allege facts which, if accepted as true, establish (1)

they engaged in a protected activity; (2) an adverse action followed; and (3) there was a

causal connection between the protected activity and the adverse action.[67]

In this case, Plaintiffs allege the Defendants retaliated against them for "filing this

lawsuit" and complaining about not being approved as a Direct Repair Shop.[68] According

to Plaintiffs, Defendants retaliated by "virtually shutting Plaintiffs out from any customer

business of [the] Defendants' insureds."[69] Lacking from the Second-Amended Complaint,

however, are any factual allegations which, if accepted as true, would establish a causal

connection between the Plaintiffs' alleged protected activity and the adverse actions taken

against them. Plaintiffs' speculative assumptions that the Defendants are "trying to put

Plaintiffs out of business" because they filed this lawsuit and complained about Body by

Cook not being accepted as a Direct Repair Shop are not sufficient to withstand a Rule

12(b)(6) inquiry.[70] Plaintiffs rely on nothing more than their own subjective beliefs that

---

[64] In this case, and as discussed below with respect to Plaintiffs' Title VII claims, the Plaintiffs have failed to even allege the existence of an employment relationship, or a prospective employment relationship, with any of the Defendants

[65] *Zastrow v. Houston Auto Imports Greenway, Ltd.*, 789 F.3d 553, 564 (5th Cir. 2015).

[66] *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). *See also Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 616 (W.D. Tex. 2005).

[67] *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003); *Zastrow*, 789 F.3d at 564 (citing *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *Lizardo v. Denny's Inc.*, 270 F.3d 94, 105 (2d Cir. 2001) (adapting prima facie elements for a non-employment retaliation claim under § 1981 from the elements of a retaliation claim under Title VII)). *See also Mayberry v. Mundy Contract Maint. Inc.*, 197 F. App'x 314, 317 (5th Cir. 2006); *Martinez*, 361 F. Supp. 2d at 616.

[68] R. Doc. 109 at 16.

[69] R. Doc. 109 at 16.

[70] *See, e.g., Hunter v. Allied Barton Sec. Servs.*, 565 F. App'x 318, 319 (5th Cir. 2014) (per curiam) ("Appellant's arguments that the court below erred in dismissing his retaliation claims and that he was

they were the victims of retaliation at the hands of the Defendants, which is not sufficient at this stage to establish a causal connection for purposes of a Section 1981 retaliation claim.[71]

Because the Plaintiffs have failed to allege sufficient facts in the Second-Amended Complaint to establish a causal connection with respect to their Section 1981 retaliation claims, those claims must be dismissed.

## V.   SECTION 1981 – RETALIATION (State Farm Defendants)[72]

Plaintiffs advance separate retaliation claims under Section 1981 against the State Farm Defendants. Plaintiffs allege they complained to the State Farm Defendants "about discriminating against them because they were an African American-owned body shop."[73] Plaintiffs also allege they filed an EEOC charge against State Farm, after which the "Plaintiffs were further denied contracting with Defendant State Farm."[74] Plaintiffs allege, thereafter, Defendant Latiolais informed them she "did not want [to contract] with Plaintiffs and that was her decision."[75] Also, Plaintiffs allege "[t]his denial was causally connected to the Plaintiffs complaining about racial discrimination against them and the denial to the DRP."[76]

---

terminated for protected activity fail . . . because he has not shown a causal connection between his allegedly protected activity and his termination."); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) ("conclusory allegations or unsubstantiated assertions do not meet the nonmovant's burden" (quotations omitted)); *Eberle v. Gonzales*, 240 F. App'x 622, 629 (5th Cir. 2007) (holding that an employee's subjective belief that he was retaliated against is insufficient to establish the causal link element of the *prima facie* case of retaliation).

[71] *Pearce v. Harvey*, 207 F. App'x 366, 369 (5th Cir. 2006) (citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000)).

[72] The Court uses the term "State Farm Defendants" to refer to (1) State Farm Mutual Automobile Insurance Co., and (2) Ramona Latiolais.

[73] R. Doc. 109 at 17.

[74] R. Doc. 109 at 17.

[75] R. Doc. 109 at 17–18.

[76] R. Doc. 109 at 18.

As with the Plaintiffs' Section 1981 retaliation claims against all of the Defendants, which are discussed *supra*,[77] Plaintiffs' Section 1981 retaliation claims against the State Farm Defendants in this case are not sufficient to withstand a Rule 12(b)(6) analysis. Plaintiffs' allegations with respect to causal connectivity are conclusory and are rooted only in the Plaintiffs' subjective beliefs. Plaintiffs have not alleged any facts in the Second-Amended Complaint which would suggest that Body by Cook was not approved as a Direct Repair Shop *because* the Plaintiffs (1) complained to State Farm that they were being discriminated against or (2) filed a related EEOC charge against State Farm. Without such factual allegations, Plaintiffs' Section 1981 claims against the State Farm Defendants cannot stand and must be dismissed.

## VI.   TITLE VII – DISCRIMINATION (State Farm Mutual Automobile Insurance Co.)

Only Plaintiff Robert Cook, as an individual, maintains a claim for discrimination under Title VII against State Farm.[78] Cook alleges that he received a "Notice of Right to Sue from the EEOC dated March 19, 2015."[79]

"Title VII is available only against an employer."[80] In fact, "it is well-settled that an employee-employer relationship is an absolute prerequisite to claims filed pursuant to Title VII."[81] "Further, Title VII's prohibitions against discriminatory employment

---

[77] *Supra*, Part IV.

[78] Plaintiff, Body by Cook, abandoned its Title VII discrimination claim against State Farm in response to State Farm's motion to dismiss the Original Complaint. *See* R. Doc. 8 at 2. Indeed, the First-Amended Complaint and Second-Amended Complaint only include the Title VII discrimination claims of Plaintiff, Robert Cook, against State Farm *See* R. Doc. 14 at 10; R. Doc. 109 at 19. The Court thus finds Body by Cook has abandoned its Title VII discrimination claim against State Farm. The Court addresses only Robert Cook's claim.

[79] R. Doc. 109 at 18.

[80] *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003).

[81] *Johnson v Crown Enters., Inc.*, 294 F. Supp. 2d 850, 854 (M.D. La. 2003), *rev'd in part on other grounds*, 398 F.3d 339 (5th Cir. 2005). *See also Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 2003); *Yowman v. Jefferson Cnty. Cmty. Supervision & Corrections Dep't*, 370 F. Supp. 2d 568, 589 (E.D. Tex. Jan 28, 2005).

practices do not apply only to an existing employment relationship but also to prospective employment relationships that do not eventuate because of the discriminatory conduct—as where an *applicant* for employment is denied employment for a prohibited discriminatory reason."[82] A two-step process is involved in determining whether a defendant is an "employer" under Title VII. "First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant."[83] In this case, the Court need not address the first inquiry—*i.e.*, the statutory definition—as Cook, individually, has failed to adequately allege the existence of an employment relationship, or a prospective employment relationship, between himself and State Farm.

The Statement of Facts in the Second-Amended Complaint contains allegations that "Body by Cook, Inc. has sought to become a Direct Repair Shop (DRS) or similar type [of] referral repair shop through the Direct Repair Program ("DRP") of each of the named corporate Defendants for several years," and "[i]n spite of the qualifications of Body by Cook, Inc., Body by Cook., Inc. has been refused entry into any DRP operated by any of the named corporate Defendants."[84] The Statement of Facts also contains allegations that other "body shops," not individuals, have been admitted into the Direct Repair Programs of the Defendants. The specific allegation is that "At various times one or more of the Defendants have stated that their DRP is not accepting additional *shops* into their roster; however, Plaintiffs have learned that non-minority *body shops* have been admitted into the DRP of one or more of the named corporate Defendants."[85] With respect to State

---

[82] *Simmons v. Lyons*, 746 F.2d 265, 270 (5th Cir. 1984). *See also Manley v. Invesco*, 555 F. App'x 344 (5th Cir. 2014); *Shepherd v. Goodwill Indus. of. S. Tex., Inc.*, 872 F. Supp. 2d 569 (S.D. Tex. 2011).
[83] *Deal*, 5 F.3d at 118 n.2.
[84] R. Doc. 109 at 5.
[85] R. Doc. 109 at 5 (emphasis added).

Farm, specifically, the Second-Amended Complaint contains allegations that, despite State Farm informing Body by Cook no new body shops were being admitted into its Direct Repair Program, State Farm "admitted a *shop* in close proximity to Body by Cook, Inc. into its DRP."[86] In sum, the factual allegations contained in the Second-Amended Complaint are that Body by Cook, not Robert Cook, sought to become a Direct Repair Shop with the Defendants. These factual allegations with respect to Body by Cook cannot serve as the basis for a Title VII claim by Cook, individually.

The factual allegations specific to Cook's Title VII claim for discrimination are included under the Fifth Cause of Action in the Second Amended Complaint. In this section, it is alleged that "Plaintiff Cook has been deprived of the right to become (or be promoted to) a DRS because he is African-American," and "[b]ecause of Defendant State Farm's refusal to allow Plaintiff Cook to become a DRS, Plaintiff Cook's income and other monies to which he is entitled have been significantly stifled and reduced by several hundreds of thousands of dollars each year."[87] Cook, individually, has not made factual allegations sufficient to state a claim for relief under Title VII. Cook does not allege that he applied to be a Direct Repair Shop or that the Defendants allowed other individuals to become Direct Repair Shops. Instead, the factual allegations in the Second-Amended Complaint are that Body by Cook sought to become a Direct Repair Shop and other *body shops* were registered as Direct Repair Shops with the Defendants. Even if he had alleged such facts, Cook has not alleged that his individual relationship with State Farm was or would have been an employment relationship.

---

[86] R. Doc. 109 at 6 (emphasis added).
[87] R. Doc. 109 at 19.

Cook states "only in discovery will [he] gather the evidence to determine the precise nature of the relationship between the parties."[88] In considering a motion to dismiss, the district court must limit itself to the contents of the pleadings, including attachments thereto.[89] Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim."[90] In this case, the Court is limited to the contents of the pleadings, as there are no attachments to the Second-Amended Complaint or to State Farm's motion to dismiss.[91] The Court may look only to the allegations in the Second-Amended Complaint to determine whether Cook has alleged sufficient facts from which it can reasonably be inferred that an employment relationship existed, or could have existed, between himself and State Farm for purposes of Title VII.[92] As a result, discovery would not yield additional information to be considered on the motion to dismiss.

Cook cannot survive State Farm's Rule 12(b)(6) motion to dismiss with respect to his Title VII claim for race discrimination. This claim must be dismissed.

VII.   <u>TITLE VII – RETALIATION (State Farm Mutual Automobile Insurance Co.)</u>

As stated above, only Plaintiff Robert Cook, as an individual, maintains a claim for retaliation under Title VII. For the reasons stated above with respect to Cook's Title VII discrimination claim, the Court finds Cook has failed to state a plausible claim for relief

---

[88] R. Doc. 115 at 19.

[89] FED. R. CIV. P. 12(b)(6).

[90] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

[91] Attached to State Farm's motion to dismiss is a chart summarizing its arguments in support of dismissal. For present purposes, the chart is one-and-the-same with State Farm's motion to dismiss and is considered part thereof.

[92] *Nelson v. Sherron Assocs., Inc.* No. 3:14-CV-3781-B, 2015 WL 3504924, at *4 (N.D. Tex. June 3, 2015) ("Because . . . both of these steps require factually-intensive inquiries, the Court concludes that it would be inappropriate to decide whether Sherron was Plaintiff's 'employer' under Title VII until both parties have had the opportunity to conduct discovery on the issue. Instead, the Court will merely review Plaintiff's complaint to determine if it states sufficient facts from which the Court can reasonably infer that Sherron was Plaintiff's employer.").

for retaliation under Title VII.[93] Cook has not alleged any facts that, if accepted as true, would establish the presence of an employment relationship, or prospective employment relationship, between himself and State Farm.[94] Accordingly, Cook's Title VII retaliation claim against State Farm is hereby dismissed.

VIII.   STATE LAW CLAIMS (All Defendants)

Plaintiff's remaining claims are state law claims, which are asserted against all of the Defendants, except Ramona Latiolais. Plaintiffs' state law claims are for negligent training and negligent supervision.[95] Specifically, Plaintiffs allege the "Defendants were negligent in failing to properly train and/or supervise its managerial and/or supervisor employees to act or to make decisions in a manner as not to discriminate against African-Americans in contracts, in such a manner as to prevent racial discrimination which proximately caused injury to the Plaintiffs."[96] The Plaintiffs also allege the "Defendants were negligent in allowing supervisory and/or managerial employees who harbored racial animus and ill will towards minorities or people of color and who were in a position of authority to make decisions about the DRS."[97]

The Court possesses only supplemental jurisdiction over the Plaintiffs' state law claims. Title 28, United States Code, Section 1367(c), provides that district courts may decline to exercise supplemental jurisdiction over state law claims if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction." Such is the

---

[93] *See, e.g., Tamfu v. Natarajan*, No. SA-11-CA-758-FB, 2011 WL 6328697, at *5 (W.D. Tex. Dec. 15, 2011) ("Because plaintiff has not identified any employment relationship which would entitle him to relief under 42 U.S.C. § 2000(e), his Title VII claim must be dismissed.").

[94] *See, e.g., Travis v. City of Grand Prairie, Tex.*, No. 15-10860, 2016 WL 3181392, at *4 (5th Cir. June 7, 2016) (not yet released for publication) ("Travis's allegations of retaliation do not arise out of an employment relationship and thus are not cognizable under Title VII. Accordingly, we affirm the district court's dismissal of his Title VII claims.").

[95] R. Doc. 109 at 21.

[96] R. Doc. 109 at 21.

[97] R. Doc. 109 at 21.

case here, as the Court has dismissed all of the federal claims asserted by the Plaintiffs. As a result, the Court will exercise its discretion pursuant to Title 28, United States Code, Section 1367(c), and decline to exercise jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motions to dismiss are **GRANTED**.[98]

**IT IS FURTHER ORDERED** that Plaintiffs' federal claims under Section 1981, Section 1985(3), and Title VII are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims for negligent training and negligent supervision are **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 25th day of August, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[98] R. Doc. 112, 113, 114.