# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BODY BY COOK, INC., ET AL.,**<br>  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2177** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.,**<br>  Defendants | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court are two motions to dismiss Count Seven of Plaintiffs' Second Amended Complaint.[1] Plaintiffs, Body by Cook, Inc., and Robert Cook, oppose the motions.[2] Defendant State Farm Mutual Automobile Co. filed a reply to Plaintiffs' responses in opposition.[3] For the reasons that follow, the motions to dismiss are **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Body by Cook, Inc., is an automotive repair shop located in Slidell, Louisiana, which is owned and operated by Plaintiff Robert Cook (collectively, "Plaintiffs"). Plaintiffs allege that, on numerous occasions, Robert Cook attempted to register Body by Cook as a "Direct Repair Shop" through the "Direct Repair Programs" offered by Defendants State Farm Mutual Automobile Co., Allstate Insurance Co., Liberty Mutual Insurance Co., Travelers Casualty and Surety Co., GEICO General Insurance Co., and Progressive Security Insurance Co. (collectively, "Defendants").[4] According to

---

[1] R. Doc. 157 (filed by Defendant State Farm Mutual Insurance Co.); R. Doc. 158 (filed by Defendants Allstate Insurance Co., Liberty Mutual Insurance Co., Progressive Security Insurance Co., and Travelers Casualty and Surety Co.).
[2] R. Docs. 160, 161.
[3] R. Doc. 164.
[4] R. Doc. 109 at 1.

Plaintiffs, despite their qualifications, Body by Cook and Robert Cook have "been refused entry into the [Direct Repair Programs], and lesser qualified or similarly situated, non-minority owned body shops have been granted access."[5] Plaintiffs allege the Defendants discriminated against Body by Cook because Robert Cook, its sole owner, is an African-American male. Plaintiffs further allege that the Defendants, due to Robert Cook's minority status, conspired with one another to refuse Body by Cook access to their Direct Repair Programs. In addition, Plaintiffs allege that, since the filing of this lawsuit, they have been retaliated against by Defendants, who "virtually shut[] Plaintiffs out from any customer business of Defendants' insureds."[6]

Plaintiffs filed this action on June 16, 2015.[7] Plaintiffs have since been granted leave of court to amend their complaint on two occasions.[8] In their Second Amended Complaint, Plaintiffs advance seven causes of action: (1) Section 1981 discrimination (against all Defendants); (2) Section 1985(3) conspiracy (against all Defendants); (3) Section 1981 retaliation (against all Defendants); (4) Section 1981 retaliation (against the State Farm Defendants only); (5) Title VII discrimination (against State Farm only); (6) Title VII retaliation (against State Farm only); and (7) Louisiana state law claims for negligent hiring and negligent supervision (against all Defendants).[9] The Defendants filed motions to dismiss with respect to the federal causes of action, which the Court granted on August 25, 2016.[10] With regard to Plaintiffs' state law claims, the Court concluded that because it dismissed all of Plaintiffs' federal law claims, it could no longer exercise

---

[5] R. Doc. 109 at 1.
[6] R. Doc. 109 at 16.
[7] R. Doc. 1.
[8] R. Docs. 14, 109.
[9] R. Doc. 109 at 13–22.
[10] R. Doc. 135.

supplemental jurisdiction over Plaintiffs' state law claims.[11] The Court did not address the merits of Plaintiffs' state law claims.[12] Plaintiffs appealed the Court's judgment to the United States Court of Appeals for the Fifth Circuit.[13]

On October 4, 2017, the Fifth Circuit issued a judgment affirming in part and reversing in part.[14] The Fifth Circuit affirmed this Court's dismissal of Plaintiffs' § 1981 conspiracy claims, § 1981 retaliation claims, and both of Plaintiff Robert Cook's Title VII claims. The Fifth Circuit further concluded this Court was correct to dismiss Robert Cook's § 1981 contract claim against State Farm and Plaintiffs' § 1981 contract claims against all other Defendants, but reversed the dismissal of Body by Cook's § 1981 contract claim against State Farm.[15] With regard to the state claw claims, the Fifth Circuit directed, "[b]ecause we reverse the district court's dismissal of Body by Cook's § 1981 claim against State Farm, we also reverse the district court's dismissal of the state law claims, and remand those claims for consideration on the merits."[16]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[17] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim

---

[11] R. Doc. 135 at 20-21.
[12] *See id.*
[13] R. Doc. 137.
[14] R. Doc. 149.
[15] R. Doc. 149-1 at 10.
[16] Id. at 14.
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] However, the court does not accept as true legal conclusions or mere conclusory statements,[20] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[21] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[22]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

## **LAW AND ANALYSIS**

At issue in the present motions is Count Seven, in which Plaintiff asserts a Louisiana state law tort claim for negligent training and supervision.[26] The negligent training and supervision claim is based on the employer's alleged direct negligence.[27] The claim is generally governed by the same duty-risk analysis used for all negligence cases.[28]

---

[19] *Id.*
[20] *Id.*
[21] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[22] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[23] *Twombly*, 550 U.S. at 555.
[24] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[26] R. Doc. 109 at 21.
[27] *Griffin v. Kmart Corp.*, 00-1334 (La. App. 5 Cir. 11/28/00); 776 So.2d 1226. *See also Cruz v. Fulton*, WL 4543613 (E.D. La. Aug. 31, 2016).
[28] *See Bourgeois v. Allstate Ins. Co.,* 02-105 (La. App. 5 Cir. 5/29/02); 820 So. 2d 1132, 1135.

Accordingly, a claim for negligent supervision and training requires a plaintiff to show at trial (1) the defendants had a duty to conform its conduct to the appropriate standard; (2) the defendants failed to conform its conduct to the appropriate standard; (3) the defendants' substandard conduct was the cause-in-fact of the plaintiff's injuries; (4) the defendants' substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.[29]

In Count Seven, Plaintiffs allege "Defendants were negligent in failing to properly train and/or supervise its managerial and/or supervisor employees to act or to make decisions in a manner as not to discriminate against African-Americans in contracts, in such a manner as to prevent racial discrimination which proximately caused injury to the Plaintiffs."[30] Plaintiffs further allege, "Defendants were negligent in allowing supervisory and/or managerial employees who harbored racial animus and ill will towards minorities or people of color and who were in a position of authority to make decisions about the [direct repair program]."[31] In Plaintiffs' memoranda in opposition to the motions to dismiss, they argue the Second Amended Complaint asserts facts that "describe to each Defendant what is being sued about with details."[32] Plaintiffs further argue they "[cite] particulars of correspondence and each action Plaintiffs took with respect to each Defendant."[33] Neither Count Seven nor the remainder of the Second Amended Complaint contains any factual allegations.

The Court finds the Plaintiffs have not pled sufficient factual allegations to make a plausible claim for negligent training and supervision. Nowhere in Plaintiffs' pleadings

---

[29] *Detraz v. Lee*, 05-1263 (La. 01/17/07); 950 So. 2d 557, 562.
[30] R. Doc. 109 at 21.
[31] *Id.*
[32] R. Doc. 160 at 5-6.
[33] *Id.* at 6.

are there any factual allegations that, taken as true, would enable this Court to infer the Defendants are liable for the conduct alleged. In the Second Amended Complaint, Plaintiffs do allege they contacted each of the Defendants regarding their respective direct repair programs, and they do list the names of any employees with whom they spoke or corresponded.[34]. Plaintiffs do not, however, allege any facts suggesting Defendants failed to train their employees or that they negligently hired or retained employees who presented a risk of harm to customers, let alone that such training programs resulted in any harm to Plaintiffs. Rather, Plaintiffs' claim for negligent training and supervision merely asserts the conclusion that "Defendants were negligent in failing to properly train and/or supervise [their] . . . employees."[35] Accordingly, Plaintiffs' pleadings fail to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motions to dismiss are **GRANTED**.[37]

**IT IS FURTHER ORDERED** that Plaintiffs' state law claim for negligent hiring and/or supervision is **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 8th day of December, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 109 at 5-12.
[35] *Id.*
[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants also move to dismiss Count Seven on the grounds that Plaintiffs have impermissibly "lumped" the Defendants together, thus failing to satisfy Rule 8's pleading requirements. *See* R. Doc. 158-1 at 6. The Court does not address this argument, because it finds that even if Plaintiffs collective allegations against Defendants satisfy Rule 8, Plaintiffs have nonetheless failed to state a claim upon which relief can be granted.
[37] R. Doc. 157 and 158.