**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BODY BY COOK, INC., ET AL.,** <br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-2177** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.,** <br>    **Defendants** | **SECTION: "E" (5)** |

**ORDER**

Before the Court is a renewed motion by Defendants Allstate Insurance Company, Liberty Mutual Insurance Company, Progressive Security Insurance Company, Travelers Casualty and Surety Company, and GEICO General Insurance Company (collectively, "Defendants"), seeking an order entering final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.[1] The motion is unopposed.

Rule 54(b) provides, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[2] "It is left to the sound judicial discretion of the district court to determine the appropriate time" for certification under Rule 54(b).[3] Entry of final judgment is appropriate where all claims have been resolved as to certain defendants, even if other claims remain against other defendants.[4] In making this decision, the district court must consider "judicial administrative interests" and "the equities involved."[5] Certification should only be granted by a district court when there

---

[1] R. Doc. 178. FED. R. CIV. P. 54(b).
[2] FED. R. CIV. P. 54(b).
[3] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).
[4] *See Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002).
[5] *Curtiss-Wright Corp.*, 446 U.S. at 8.

exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[6]

The Court finds that Defendants' motion meets the requirements of Rule 54(b). All claims by Plaintiffs against movants have been fully and finally resolved.[7] The sole claim that remains against Defendant State Farm Mutual Automobile Insurance ("State Farm") is distinct and independent from the claims that have been resolved against the other Defendants. As a result, granting a final judgment as to the moving Defendants would not violate "the historic federal policy against piecemeal appeals."[8]  The Court finds it is in the interests of sound judicial administration to grant a full and final judgment as to the moving Defendants, because certification would not result in unnecessary or duplicative appellate review.

Further, the equities involved weigh in favor of granting a final judgment. The trial in this matter will not commence until nearly seven months from now. Issuing a final judgment alleviates the moving Defendants' burden of waiting through the potentially protracted trial and appellate proceedings of Plaintiffs' remaining claim against State Farm before receiving a final adjudication.

Accordingly;

**IT IS ORDERED** Defendants' motion for entry of final judgment under Rule 54(b)[9] is **GRANTED**.

**New Orleans, Louisiana, this 2nd day of May, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *PYCA Industries Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).
[7] R. Docs. 135, 149, 165, 170.
[8] *Curtiss-Wright Corp.*, 446 U.S. at 8.
[9] R. Doc. 178.